**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 30, 2020
Decided February 6, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-3473

| | |
|---|---|
| ROBERT A. HAAS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 7300 |
| DAVID M. NOORDELOOS, et al., <br>     *Defendants-Appellees*. | Sharon Johnson Coleman, <br> *Judge*. |

**O R D E R**

This case comes before us on appellant Robert Haas's motion to proceed in forma pauperis on appeal. Below, we explain why we find it necessary to summarily vacate the district court's dismissal of Haas's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) for failing to state a claim on which relief may be granted. Because we vacate the district court's judgment, we necessarily certify that this appeal is taken in good faith, grant Haas's motion to proceed in forma pauperis on appeal, and waive the appellate filing fee.

Turning to the merits of the district court's dismissal order, we conclude that the district court erred in holding that Haas cannot state a federal claim on the grounds that

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), "does not provide a vehicle to litigate First Amendment claims." Haas argues that this is not so, citing *Dellums v. Powell*, 566 F.2d 167, 184 (D.C. Cir. 1977). *But cf. Loumiet v. United States*, No. 18-5020, 2020 WL 424919, at *1 (D.C. Cir. Jan. 28, 2020) (finding no *Bivens* remedy for First Amendment violation where FIRREA provided detailed administrative remedy for alleged wrongs). In this circuit, at least, the question is unsettled. *See Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019) (remanding so that district court can develop full record with recruited counsel on whether *Bivens*-style damages remedy is available for alleged violations of prisoner's First Amendment rights after *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)).

Next, to the extent the district court implied that Haas's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), we conclude that such a holding is premature. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) makes clear that an anticipatory *Heck* bar is not a valid ground for dismissal. Because this case was resolved by the district court at such an early stage, it is difficult to assess precisely what legal theories the pro se plaintiff intends to pursue. To the extent he wishes to collaterally attack his pending criminal prosecution, the appropriate action here is "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* (citing *Heck*, 512 U.S. at 487–488, n. 8).

On remand, the district court should evaluate at an appropriate time what claims Haas intends to pursue and whether they implicate or are ancillary to his pending criminal case. This may also require consideration at some point of the issues of potential claim and issue preclusion, but we are unable to sort those out at this stage. Once the claims are clarified, the civil defendants in this case should be served, and the district court should consider the possibility of a stay pursuant to *Wallace*.

Accordingly, we GRANT the motion to proceed in forma pauperis on appeal, WAIVE the appellate filing fee, VACATE the dismissal of Haas's complaint, and REMAND the case for further proceedings consistent with this order.